

ELECTRONICALLY FILED
11/14/2013 10:05 AM
21-CV-2013-900096.00
CIRCUIT COURT OF
CONECUH COUNTY, ALABAMA
DAVID JACKSON, CLERK

# IN THE CIRCUIT COURT OF CONECUH COUNTY, ALABAMA

| | |
|---|---|
| GULF COAST MINERAL, LLC<br><br>PLAINTIFF,<br><br>V.<br><br>VALENTINE VENTURES, LLC<br>DESTINY ENERGY, LLC,<br>BRUCE WALLIS,<br>HARVEY KELLEY,<br><br>DEFENDANTS. | CASE NO: 21-CV-2013- |

## COMPLAINT

**COMES NOW** Gulf Coast Coast Mineral, LLC, and files the following complaint against VALENTINE VENTURES and DESTINY ENERGY, LLC, based on the following, pursuant to Rule 8 and Rule 57:

1. Plaintiff Gulf Coast Mineral, LLC is an Alabama Limited Liability Company.

2. Defendant VALENTINE VENTURES is an Alabama Limited Liability Company (see service information below from Alabama Secretary of State)

3. Defendant DESTINY ENERGY, LLC is Louisiana Limited Liability Company.

    a. Defendant BRUCE WALLIS is a partner in Defendant Destiny.

    b. Defendant HARVEY KELLEY is a partner in Defendant Destiny.

    c. On information and belief, Defendant Kelley has a silent partnership interest in Defendant Destiny in connection with the property interests which are the subject of this lawsuit.

## COUNT ONE: DECLARATORY JUDGMENT ACT

4. Alabama Code Section 6-6-224 provides: "Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

5. Alabama Code Section 6-6-224 provides: "A contract may be construed either before or after there has been a breach thereof."

6. The parties signed written "cost sharing agreements" relating to the development of oil, gas and minerals leases held in Conecuh County and in Covington County, Alabama. One cost sharing agreement related to the Key Largo Project and the other cost sharing agreement related to the West Teel project.

7. The parties entered into cost sharing agreements for the purpose of funding Gulf Coast Mineral, LLC's activity in acquiring oil, gas and mineral leases.

8. Relating to the <u>Key Largo</u> project:

    a. Defendant Destiny <u>did not pay all of the costs</u> it was supposed to pay under the cost sharing agreement relating to the Key Largo project, and the defendant prays for a declaration that Defendant Destiny is only entitled to a <u>reduced</u> ownership interest in the leases or proceeds from the sales of the the leases to a third party commensurate with its pro rata contribution of costs.

    b. Defendant Valentine <u>did not pay all of the costs</u> it was supposed to pay under the cost sharing agreement relating to the Key Largo project, and the defendant prays for a declaration that Defendant Valentine is only entitled to an ownership interest in the leases or proceeds from the sales of the the leases to a third party commensurate with its pro rata contribution of costs.

9. Relating to the <u>West Teel</u> project:

    a. Defendant Destiny <u>did not pay any of the costs</u> it was supposed to pay under the cost sharing agreement relating to the West Teel project, and the defendant prays for a declaration that Defendant

Destiny is entitled to <u>no</u> ownership interest in the leases or proceeds from the sales of the the leases to a third party commensurate with its pro rata contribution of costs.

b. Defendant Valentine <u>did not pay all of the costs</u> it was supposed to pay under the cost sharing agreement relating to the West Teel project, and the defendant prays for a declaration that Defendant Valentine is only entitled to an ownership interest in the leases or proceeds from the sales of the the leases to a third party commensurate with its pro rata contribution of costs.

10. On October 28, 2013, Defendant Destiny, by letter:

   a. asserted that it was due to be disbursed funds "due to Destiny" from the sale of the Key Largo and West Teel prospects to Renpetco."

   b. asserted that Gulf Coast Mineral had failed to provide an accounting;

   c. demanded that Gulf Coast Mineral immediately pay $87,262.82;

   d. demanded that Gulf Coast Mineral assign to Defendant Destiny "a 50% interest in all leases taken in the Libertyville prospect."

11. Defendant Kelley's silent partnership interest in the Key Largo project:

   a. represents a default on his part which affected his own interests and the interest of the other parties to this litigation, and the plaintiff seeks

  to avoid multiple demands and/or claims and or civil actions and wishes to resolve this manner in a single proceeding.

 b. represents a competing claim for proceeds, if any, which are due to Destiny, and the plaintiff seeks to avoid multiple demands and/or claims and or civil actions and wishes to resolve this manner in a single proceeding.

## COUNT TWO: BREACH OF CONTRACT

12. Plaintiff incorporates by reference the foregoing as though fully set forth herein.

13. Defendant Destiny breached the contractual agreement to share costs on both the Key Largo and the West Teal projects, and defendant Gulf Coast Mineral fully performed its obligations.

14. Defendant Valentine breached the contractual agreement to share costs on both the Key Largo and the West Teal projects, and defendant Gulf Coast Mineral fully performed its obligations.

15. WHEREFORE, plaintiff Gulf Coast Mineral, LLC demands damages, fees, and costs.

## COUNT THREE: PROMISSORY FRAUD

16. Plaintiff incorporates by reference the foregoing as though fully set forth

herein.

17. Defendant Destiny committed promissory fraud in connection with the West Teel project. Defendant Destiny:

   a. falsely represented that it intended to fund 50% of the costs in the West Teel project;

   b. at the time Defendant Destiny represented that it intended to fund 50% of the costs in the West Teel project, it had not intention to perform and fund the project;

   c. the representation was material to Gulf Coast Mineral;

   d. Gulf Coast Mineral has been damaged.

18. WHEREFORE, plaintiff Gulf Coast Mineral demands damages, including punitive damages, fees, and costs.

## COUNT FOUR: ACCOUNTING

19. Plaintiff incorporates by reference the foregoing as though fully set forth herein.

20. Plaintiff demands an accounting from Defendant Destiny.

21. Plaintiff demands an accounting from Defendant Valentine.

## DISCOVERY TO VALENTINE VENTURES

1. Admit that you did not make all payments due to share costs in the West

Teel project. If you deny this request, state the total amount of payments you made to share costs in the West Teel project, and attach as production each document evidencing such payment.

2. Admit that you did not make all payments due to share costs in the Key Largo project. If you deny this request, state the total amount of payments you made to share costs in the Key Largo project, and attach as production each document evidencing such payment.

3. Produce any hard or electronic documents (print any electronic documents) which relate, refer or pertain to The Key Largo project. If you withhold any document based on privileged, please produce a privilege log.

4. Produce any hard or electronic documents (print any electronic documents) which relate, refer or pertain to The West Teel project. If you withhold any document based on privileged, please produce a privilege log.

5. Produce any written or taped or videotaped statement of any employee of Gulf Coast Mineral in your possession or right of possession.

6. Identify each and every person from whom a written, recorded and/or transcribed statement has been taken which relates in any way to the accident described in the complaint. (NOTE: THIS INTERROGATORY DOES NOT REQUEST THE CONTENT OF SUCH STATEMENT,

BUT MERELY THE IDENTITY OF PERSONS FROM WHOM STATEMENTS HAVE BEEN TAKEN.)

7. State the name, address and identity of each person whom you expect to call as an expert witness at trial, and as to each person:

   a. State the substance of the facts and opinions to which each expert is expected to testify;

   b. Give a summary of the grounds for each expert's opinion; and

   c. Give a summary of the individual's qualifications to testify as an expert witness.

## DISCOVERY TO DESTINY

1. Admit that you are not registered to do business in Alabama with the Alabama Secretary of State.

2. Admit that you made no payments to share costs in the West Teel project. If you deny this request, state the total amount of payments you made to share costs in the West Teel project, and attach as production each document evidencing such payment.

3. Admit that you did not make all payments due to share costs in the Key Largo project. If you deny this request, state the total amount of payments you made to share costs in the Key Largo project, and attach as production

each document evidencing such payment.

4. Produce any hard or electronic documents (print any electronic documents) which relate, refer or pertain to The Key Largo project. If you withhold any document based on privileged, please produce a privilege log.

5. Produce any hard or electronic documents (print any electronic documents) which relate, refer or pertain to The West Teel project. If you withhold any document based on privileged, please produce a privilege log.

6. State in complete detail the basis for your demand of $87,262.82 made in your letter to Gary Billingsley dated October 28, 2013.

7. Produce any written or taped or videotaped statement of any employee of Gulf Coast Mineral in your possession or right of possession.

8. Identify each and every person from whom a written, recorded and/or transcribed statement has been taken which relates in any way to the accident described in the complaint. (NOTE: THIS INTERROGATORY DOES NOT REQUEST THE CONTENT OF SUCH STATEMENT, BUT MERELY THE IDENTITY OF PERSONS FROM WHOM STATEMENTS HAVE BEEN TAKEN.)

9. State the name, address and identity of each person whom you expect to call as an expert witness at trial, and as to each person:

a. State the substance of the facts and opinions to which each expert is expected to testify;

b. Give a summary of the grounds for each expert's opinion; and

c. Give a summary of the individual's qualifications to testify as an expert witness.

RESPECTFULLY SUBMITTED:

/s/ Max Cassady

_____

**CASSADY & CASSADY, P.C.**
14 South Section Street
Fairhope, AL 36532
Telephone: (251) 928-9558
Facsimile: (251) 217-9033

Please serve the defendants at:

Valentine Ventures, LLC
1590 Hwy 49
Columbiana Al, 35051
(Plaintiff has personal knowledge that defendant no longer has an address at the address listed with the Secretary of State, 136 Cove Ave. Gulf Shores, AL.)

FROM THE LOUISIANA SECRETARY OF STATE:

## Registered Agent(s)

| | |
|---|---|
| **Agent:** | R. BRUCE WALLIS |
| **Address 1:** | 650 POYDRAS STREET |
| **Address 2:** | SUITE 2415 |
| **City, State, Zip:** | NEW ORLEANS, LA 70130 |
| **Appointment Date:** | 11/28/2011 |