IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GULF COAST MINERAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0386-WS-N |
| | ) |
| VALENTINE VENTURES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the motion of the plaintiff[1] to remand and for an award of attorney's fees. (Doc. 2). The parties have filed briefs and/or evidentiary materials in support of their respective positions, (Docs. 2, 4, 5), and the motion is ripe for resolution.

The defendants removed on the basis of federal question jurisdiction. (Doc. 1).[2] The four-count complaint asserts claims for breach of contract, promissory fraud, accounting, and for declaratory judgment under Alabama law. (Doc. 1-1). It is obvious that none of these claims is brought under federal law, and the defendants do not argue otherwise. Instead, they assert that the plaintiff, in the course of the business relationship underlying the complaint, committed RICO violations. (Doc. 1 at 1-3).

---

[1] The style of the motion to remand lists five plaintiffs, but the body of the motion states it is brought by the single plaintiff listed in the style of this order. A review of the notice of removal and associated documents indicates there is but one plaintiff, with the individuals listed in the style of the motion to remand being "counter-defendants" to the defendants' "counter-complaint." (Docs. 1-1, 1-3).

[2] The defendants do not assert diversity jurisdiction, and it appears from the complaint that complete diversity does not exist. (Doc. 1-1 at 1).

As relevant to these proceedings, a cause of action may arise under federal law in any of three situations: (1) federal law "'creates the plaintiff's cause of action,'" *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. at 8-9 (1983) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); (2) "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims," *id*. at 13; or (3) "a federal cause of action completely preempts a state cause of action." *Id*. at 24. The first and third of these possibilities plainly have no application here. Thus, the defendants must rely on the second.

A question of federal law is not a "necessary element" of a state claim unless a "well-pleaded complaint establishe[s] that [the plaintiff's] right to relief under state law requires resolution of a substantial question of federal law." *Franchise Tax Board*, 463 U.S. at 13. If state law "establishes a set of conditions, without reference to federal law, under which" the plaintiff may recover, such that "federal law becomes relevant only by way of a defense to an obligation created entirely by state law," the federal question is not a "necessary element" of the state claim. *Id*.

The plaintiff cites the well-pleaded complaint rule, (Doc. 2 at 20-23), and the defendants ignore it. Instead, they confirm that their argument is nothing more than that the complaint "alleges state causes of action in which they [the plaintiff and others] are seeking financial benefits by committing violations of the RICO Act." (Doc. 4 at 7). That may furnish a basis for a counterclaim or even a defense, but it cannot possibly show that Alabama law requires a plaintiff to prove, as an element of a claim for fraud or breach of contract, or to obtain an accounting or declaratory relief, that the plaintiff has not violated RICO. It is thus clear that this case must be remanded.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's

fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The grant or denial of fees is committed to the discretion of the district court. *E.g., Bauknight v. Monroe County*, 446 F.3d 1327, 1329 (11th Cir. 2006). The defendants plainly lacked any objectively reasonable basis for seeking removal, since even the most cursory review would have revealed that removal was improper based on their assertion of RICO violations by the plaintiff. The plaintiff is thus entitled to an award of fees.

The plaintiff suggests that the Court remand the action but retain jurisdiction to determine a reasonable fee award. (Doc. 2 at 27). The Court declines the suggestion. The plaintiff is **ordered** to file and serve, on or before **October 31, 2014**, all materials on which it relies in support of its request for attorney's fees. The defendants are ordered to file and serve any response on or before **November 7, 2014**. The Court will take the matter under submission on November 7, 2014.

DONE and ORDERED this 21st day of October, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE