IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GULF COAST MINERAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0386-WS-N |
| | ) |
| VALENTINE VENTURES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The Court by previous order agreed with the plaintiff that the defendants lacked an objectively reasonable basis for removing this action, such that the plaintiff was entitled to remand and an award of attorney's fees. (Doc. 6). The plaintiff has now submitted a fee petition with supporting affidavit, (Doc. 8), to which the defendants have objected. (Doc. 9).

The defendants insist they had an objectively reasonable basis for removal. As the Court has already held, they patently did not. The complaint asserts four facially state-law claims (breach of contract, promissory fraud, accounting, and declaratory judgment), none of which includes any federal question as an element. The defendants' position is that a federal question is presented because the plaintiff committed RICO violations in the course of the parties' dealings, such that the plaintiff is "seeking financial benefits by committing violations of the RICO Act." (Doc. 4 at 8). As discussed in the Court's previous order, such a circumstance may furnish grounds for a defense or a counterclaim, but it obviously does not impose on the plaintiff any burden under Alabama law to prove, as an element of its state-law claims, that it did not commit RICO violations. It therefore does not implicate Section 1331 under the authorities previously cited.

The defendants also say they could remove because the plaintiff, by not mentioning its alleged RICO violations in its complaint, "concealed a legitimate ground of removal." (Doc. 9 at 1). As just noted, however, a plaintiff's violation of RICO is not a legitimate ground for removing the plaintiff's purely state-law claims. The plaintiff's alleged "concealment" of its alleged RICO violations is thus plainly irrelevant.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The grant or denial of fees is committed to the discretion of the district court. *E.g., Bauknight v. Monroe County*, 446 F.3d 1327, 1329 (11th Cir. 2006). For reasons set forth herein and in its previous order, the Court exercises its discretion in favor of an award of fees.

The statute permits an award of "actual" fees, but only such actual fees as are "incurred as a result of the removal." Some courts have concluded that fees incurred "as a result of unreasonable billing practices" are not incurred as a result of removal and thus are non-compensable. *Huffman v. Saul Holdings Limited Partnership*, 262 F.3d 1128, 1134 (10th Cir. 2001).[1] The defendants, however, raise no objection to the amount of the requested fee, on the grounds of reasonableness or otherwise. The Court will not do so on their behalf.

For the reasons set forth herein and in the Court's previous order, the plaintiff's motion to remand is **granted**. This action is **remanded** to the Circuit Court of Conecuh County.

---

[1] *Accord Adolph Coors Co. v. Truck Insurance Exchange*, 383 F. Supp. 2d 93, 95 (D.D.C. 2005); *Albion Pacific Property Resources, LLC v. Seligman*, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004); *Yance, Inge, and Associates, Inc. v. Enrollment First, Inc.*, 2008 WL 5428227 at *1 (S.D. Ala. 2008).

For the reasons set forth herein and in the Court's previous order, the plaintiff's motion for an award of attorney's fees is **granted**. The plaintiff is **awarded** the requested sum of $4,092.00.

DONE and ORDERED this 22nd day of December, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE